IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**MAURICIO LOBOGUERRERO,**

    Petitioner,

vs.                               Case No. 4:07cv448-MMP/WCS

**UNITED STATES DEPARTMENT
OF JUSTICE, and IMMIGRATION
AND NATURALIZATION SERVICE,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed an amended petition for writ of mandamus, doc. 5, and service was directed on December 4, 2007.  Doc. 8.  Respondents filed a motion to dismiss on February 5, 2008, doc. 15, and Petitioner filed a reply[1] to that motion on February 21, 2008.  Doc. 17.  Thereafter, on March 28, 2008, Petitioner submitted a notice of change of address indicating he had been transferred to another detention facility.  Doc. 18.  Petitioner stated he was located at Glades County

---

[1] Should this case proceed, Petitioner will be required to resubmit his "reply" because it (1) does not contain his original signature and (2) does not contain a certificate of service.  The clerk of court shall provide Petitioner with a form showing the proper style of a certificate of service.  All documents filed in this court must comply.

Detention Center in Moore Haven, Florida, but because Petitioner did not include a certificate of service on the notice, doc. 18, an order was entered advising Respondents of Petitioner's notice.  Doc. 19.

In advising Respondents of the notice, I pointed out language from Petitioner's notice in which he said:

> I win my case in immigration the Judge, Denise N. Sladin terminate my cases I'm just waiting for the State to see if he wants to Appeal the Judge's decision.  They have to April 7.

Docs. 18, 19.  The order directed clarification as to the ramifications of Petitioner's notice and whether this case was now moot.[2]  Docs. 18, 19.

Respondents have now responded to the order to show cause, doc. 19, and advised that this case is moot because Petitioner's removal proceeding were terminated and became final on March 6, 2008.  Doc. 21.  Respondents state that Petitioner was released from ICE detention on April 10, 2008, and this case no longer presents a case or controversy.  Doc. 21.

The order to show cause, doc. 19, did not reach Petitioner and was returned to the Court as "undeliverable" on June 11, 0208, indicating he was no longer at the Glades County Jail, his address listed on the notice of change of address, doc. 18, filed in March, 2008.  Doc. 20.  Thus, it appears Petitioner is no longer in custody, he has been provided the relief he sought, and he has abandoned this litigation by not advising of his current whereabouts.  Therefore, this case should be dismissed as moot.

---

[2] The petition alleges that Petitioner is a United States Citizen and that ICE does not have legal authority to detain Petitioner.  Doc. 5, p. 3.  As relief from this proceeding, Petitioner seeks an order commanding the removal of the detainer against Petitioner.  *Id.*, at 7.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's § 2241 petition, doc. 1, be **DISMISSED as moot** as Petitioner is no longer in detention and he has abandoned this litigation.

**IN CHAMBERS** at Tallahassee, Florida, on June 13, 2008.

 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**